FRED BRINKMANN, PLAINTIFF-APPELLANT, v. DORSEY MOTORS, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLEE.

Argued May 4, 1938—Decided September 29, 1938.

116

Before Justices TRENCHARD, PARKER and PERSKIE.

For the plaintiff-appellant, *Harry Unger.*

For the defendant-appellee, *John E. Toolan.*

The opinion of the court was delivered by

TRENCHARD, J. The state of the case, as settled by the trial judge, disclosed, among other things, that the evidence of the plaintiff below tended to show that the plaintiff, when about twenty years six months old, bought a new motor truck of defendant at a price of $671 on terms set out in a conditional sales contract, the defendant taking from plaintiff a truck in trade for which an allowance of $350 was given, the defendant paying $190 the balance due from the plaintiff to a finance company on the truck taken in trade, thereby giving the plaintiff a net allowance of $160 on his new truck, the balance of the purchase price to be paid in monthly installments as set forth in the conditional sales contract; that the plaintiff used the new truck for about six months, and then after attaining full age, defaulted on the installments, and upon the defendant ordering the truck repossessed, returned the truck to the defendant and brought this suit to recover the sum of $463.10 which he claims the defendant received from him on the purchase price of the truck.

The defense was that the plaintiff in fact was of full age when the contract in question was made; and that, in any event, under the doctrine of *La Rosa* v. *Nichols,* 92 *N. J. L.* 375, in view of the evidence hereinafter referred to, the plaintiff was estopped by his fraudulent conduct from recovering the moneys paid to the defendant.

The trial judge, sitting without a jury, rendered judgment for the defendant' and the plaintiff appeals.

The plaintiff-appellant first contends that the trial judge erred in admitting in evidence written declarations made by the plaintiff out of court to other parties that he was of full age, and made before the contract in question was executed. The ground of the objection was that the evidence was immaterial and irrelevant. We think it was not.

A point in issue was whether or not the plaintiff had falsely represented himself to be an adult for the purpose of fraudulently inducing the defendant to enter into the contract with him, and certainly the fact that he several times and about the same time did something of the same kind and for a similar purpose, had some tendency to show the existence of bad faith and an intention to defraud, which was put in issue by the pleadings, and so was material and relevant. *Steph. Evi., art.* 11; *Jones on Evidence* (civil cases) 190; *McKenny* v. *Dingley,* 4 *Greenl.* 172; see, also, extended note in 44 *Am. Rep.* 299-308. In this connection it is at least interesting to observe that the plaintiff himself testified that he was "accustomed to lying if it would do any good."

Secondly, the plaintiff-appellant contends that the trial judge erred in denying the motion made by the plaintiff for a direction of a verdict (*i. e.,* a motion for judgment on the ground that no issue of fact was presented).

We think not. The plaintiff argues that the evidence showed that he was an infant under twenty-one years of age at the time he procured the contract in question. There was evidence to that effect, and perhaps it was so; but that, it seems under the evidence, was a fact question. In this connection it appeared without dispute that the plaintiff, at the time he made the statement in writing that he was twenty-one years

old in order to procure the contract upon which this suit was founded, was over six feet tall, and husky, and appeared to be over twenty-one years old. The plaintiff further contends that he was entitled to a directed verdict because "the truck was returned to the defendant and plaintiff did not in fact obtain and retain the benefit of the contract." Perhaps he did return the truck, but even that, it seems under the evidence, was a fact question. What does clearly appear is that he retained and used the truck for six months, and then defaulted in his payments on the contract and the defendant repossessed the truck. Plaintiff then, without more, demanded the moneys which he had paid, and brought this suit, thus retaining the benefits which he had obtained, without any attempt—not even the slightest—to perform his obligation to account for the benefits actually received.

Now the rule is that the contracts of an infant are not absolutely void, but only voidable; and if a youth under twenty-one years of age, by falsely representing himself to be an adult, which he appears to be, for the purpose of inducing another to enter into a contract with him, and thereby, through such representation and appearance, the other party is led to believe that such infant is an adult and makes a contract with him, the benefits of which he obtains and retains, then in a suit on that contract the minor will not be permitted to set up the privilege of infancy, because by his fraudulent conduct, he has estopped himself from so pleading. *La Rosa* v. *Nichols,* 92 *N. J. L.* 375. And so where, as here, in a suit by the plaintiff to recover moneys paid on a contract with the defendant, the evidence tends to show that the plaintiff, by falsely representing himself to be an adult, which he appeared to be, for the purpose of inducing the defendant to enter into the contract with him, and thereby through such representation and appearance, the defendant was led to believe that the plaintiff was an adult and made the contract with him, the benefits of which the plaintiff obtained and retained—the plaintiff's motion for a direction of a judgment in his favor, based on the ground of plaintiff's infancy, was properly denied.

The judgment below will be affirmed, with costs.